ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| OFICINA DE ÉTICA GUBERNAMENTAL,<br><br>Recurrida,<br><br>v.<br><br>MICHAEL CRUZ GUZMÁN,<br><br>Recurrente. | KLRA202400001 | REVISIÓN procedente de la Oficina de Ética Gubernamental.<br><br>Caso núm.: 23-20.<br><br>Sobre: violación a los incisos(g) y (s) del Art. 4.2 de la Ley Orgánica de la Oficina de Ética Gubernamental. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 13 de febrero de 2024.

Comparece la parte recurrente, el señor Michael Cruz Guzmán y nos solicita que revoquemos la *Resolución* emitida por la recurrida Oficina de Ética Gubernamental el 29 de noviembre de 2023, archivada en autos el 30 de noviembre de 2023. Mediante la misma, la agencia recurrida adoptó en su totalidad el informe del oficial examinador y determinó que el señor Cruz violó el inciso (g) del Art. 4.2 de la Ley Núm. 1-2012, según emendada, intitulada *Ley Orgánica de la Oficina de Ética Gubernamental de Puerto Rico,* 3 LPRA sec. 1857a, por lo que le impuso una multa administrativa de $3,000.00. A su vez, recomendó el archivo de la imputación del inciso (s) del precitado artículo.

Por los fundamentos que expondremos a continuación, **confirmamos** la *Resolución* recurrida.

I

El 16 de agosto de 2022, la OEG presentó una querella contra el señor Cruz[1]. En ella, alegó que el recurrente había violado los incisos (g) y (s) del Art. 4.2 de la Ley Núm. 1-2012, 3 LPRA sec. 1857a. En particular,

---

[1] *Véase*, apéndice del recurso, a las págs. 21-24.

Número identificador

SEN2024_____

sostuvo que el señor Cruz, siendo supervisor inmediato de su tío, el señor Luis Cruz Vázquez, certificó asistencias, licencias y transacciones personales de este último. Ello, en contravención a la política pública establecida y sin presentar mecanismo de inhibición alguno ante la OEG.

Por su parte, el 6 de octubre de 2022, el señor Cruz presentó una contestación a la querella[2]. En lo pertinente, admitió su relación familiar con el señor Cruz Vázquez y se opuso a las alegaciones de la OEG que insinuaban alguna violación a la Ley Núm. 1-2012, 3 LPRA sec. 1854, *et seq.*

Tras varias indecencias procesales, el 15 de diciembre de 2022, la OEG presentó una solicitud de sentencia sumaria[3]. En síntesis, planteó que, de conformidad con los documentos que adjuntó a su moción y las admisiones del recurrente, no quedaba controversia sobre los hechos materiales del caso que ameritasen la celebración de una vista adjudicativa. En lo pertinente, adujo que la controversia podía resolverse de modo sumario al amparo del Art. 7.2 de la Ley Núm. 1-2012, 3 LPRA sec. 1860ª, y de conformidad con los procedimientos establecido en la Ley Núm. 38-2017, intitulada *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9601, *et seq.* (LPAUG).

El 18 de enero de 2023, el recurrente presentó su oposición a la solicitud de adjudicación sumaria[4]. En su escrito, aceptó que ciertos hechos no estaban en controversia. Sin embargo, sostuvo que la OEG no había logrado demostrar que no existían controversias sobre los hechos materiales, por lo que no procedía el método de adjudicación sumario sino la celebración de una vista en su fondo. En respuesta, el 13 de febrero de 2023, la recurrida presentó una réplica con la cual reafirmó su postura respecto a que no existían hechos materiales en controversia[5].

---

[2] *Véase,* apéndice del recurso, a las págs. 25-28.

[3] *Íd.*, a las págs. 30-53.

[4] *Íd.*, a las págs. 159-193.

[5] *Íd.*, a las págs. 194-201.

El 27 de noviembre de 2023, el Oficial Examinador Jaime A. Vázquez Colón emitió su informe y consignó las siguientes determinaciones de hechos, cada una apoyada en los documentos adjuntados a la solicitud de sentencia sumaria presentada por la parte recurrida[6]:

1. El señor Cruz Guzmán comenzó a laborar en el Municipio de Bayamón el 1ro de mayo de 2012, y se desempeñó como supervisor de construcción en el Departamento de Servicios Generales de dicho Municipio.

2. Como supervisor de construcciones, el querellado tenía la facultad de supervisar y evaluar el trabajo del personal involucrado en los proyectos de construcción manejados por el Departamento de Servicios Generales.

3. El señor Luis Cruz Vázquez comenzó a trabajar en el Municipio de Bayamón el 10 de junio de 2013, como auxiliar de oficios diestros en el Departamento de Servicios Generales, puesto que por lo menos ocupó hasta el 30 de abril de 2022; ello, tras múltiples renovaciones del nombramiento transitorio. El puesto del señor Cruz Vázquez estaba clasificado como transitorio trimestral.

4. La naturaleza del trabajo de auxiliar de oficios diestros era uno "semidiestro" *(sic),* que consiste en realizar tareas auxiliares relacionadas con el mantenimiento, conservación y construcción de edificios, estructuras y facilidades municipales. Entre los aspectos distintivos del puesto de auxiliar de oficios diestros que ocupaba el señor Cruz Vázquez estaban el de realizar trabajo de moderada complejidad y responsabilidad, que consiste en realizar tareas auxiliares, relacionadas con el mantenimiento, conservación y construcción de edificios, estructuras y facilidades municipales, mediante el uso de materiales y herramientas propias de diversos oficios diestros en el Municipio de Bayamón. Trabajaba bajo la supervisión general de un empleado de superior jerarquía, quien le impartía instrucciones generales en los aspectos comunes del puesto, y específicas en situaciones especiales.

5. El querellado es sobrino del señor Cruz Vázquez.

6. A partir del 16 de agosto de 2020, el querellado comenzó a fungir como subdirector de Servicios Generales del Municipio de Bayamón.

7. La naturaleza del trabajo del querellado como subdirector de Servicios Generales consiste en trabajo profesional y administrativo en el Departamento de Servicios Generales, que conllevaba asistir al director de Servicios Generales en la coordinación, dirección y supervisión de todas las actividades que se llevan a cabo en la Oficina de Servicios Generales en un gobierno municipal.

---

[6] *Véase*, apéndice del recurso, a las págs. 6-20.

8. Como parte de las funciones como subdirector de Servicios Generales, el señor Cruz Guzmán supervisaba a los empleados adscritos al Departamento de Servicios Generales del Municipio de Bayamón.

9. A partir del 1ro de abril de 2021, el señor Cruz Guzmán pasó a ocupar un puesto de confianza como director del Departamento de Servicios Generales, cargo que ocupó por lo menos hasta el 30 de abril de 2022.

10. El trabajo del señor Cruz Guzmán como director de Servicios Generales es profesional, administrativo, y altamente complejo a nivel ejecutivo, que conlleva la planificación, dirección, supervisión y coordinación de las actividades, y de todos los aspectos comprendidos en la administración de los servicios de apoyo que se le proveen a las unidades de trabajo del Municipio. El querellado tenía las siguientes responsabilidades:

- Era responsable de la dirección y supervisión de los programas de apoyo tales como: almacenaje y distribución de suministros y equipos, mantenimiento y limpieza para la conservación de las facilidades, servicios de producción de impresos, servicios relacionados con comunicación telefónica y otros servicios de apoyo a las áreas de trabajo y dependencias municipales.

- Revisaba y evaluaba periódicamente la productividad y la efectividad de los programas de trabajo y los recursos de las unidades de trabajo, actividades y programas a su cargo, con el propósito de establecer y modificar los procedimientos y sistemas de trabajos más adecuados, económicos y viables para las operaciones que dirige.

11. El señor Cruz Guzmán era supervisor inmediato del señor Cruz Vázquez mientras este laboró como auxiliar de oficios diestros en el Departamento de Servicios Generales, desde el 1ro de enero de 2015, al 30 de abril de 2022.

12. Como supervisor del señor Cruz Vázquez, el querellado firmó cuatro (4) evaluaciones con las siguientes fechas: 30 de junio de 2014, 30 de junio de 2019, 20 de enero de 2020, 1ro de enero de 2020, al 30 de junio de 2020.

13. Como director del Departamento de Servicios Generales, el querellado firmó una (1) evaluación del señor Cruz Vázquez con respecto al periodo del 1ro de enero de 2021, al 30 de junio de 2021.

14. Como director del Departamento de Servicios Generales, el 7 de mayo de 2021, el querellado firmó una (1) solicitud de licencia de vacaciones y, el 30 de junio de 2021, firmó una (1) solicitud de una licencia de enfermedad, ambas para el señor Cruz Vázquez.

15. Como supervisor, el querellado firmó seis (6) solicitudes de licencias de vacaciones del señor Cruz Vázquez en las siguientes fechas: 10 de abril de 2017, 16 de octubre de 2017, 12 de enero de 2018, 18 de enero de 2019, y 9 de enero de 2020. Además, el 13 de abril de 2016, firmó una

(1) solicitud de licencia para reportarse a la Corporación del Fondo del Seguro del Estado.

16. El señor Cruz Guzmán no presentó un mecanismo de inhibición ante su patrono, el Gobierno Municipal de Bayamón.

17. El querellado no presentó un mecanismo de inhibición ante la OEG, relacionado con las renovaciones de nombramientos del señor Cruz Vázquez.

18. Tras realizarse la investigación correspondiente, el 16 de agosto de 2022, a la 1:20 pm, la OEG presentó una querella contra el señor Cruz Guzmán por violación al Artículo 4.2, incisos (g) y (s), de la Ley 1, a la cual se le asignó el número 23-20.

A la luz de las determinaciones de hechos materiales no controvertidos, el Oficial Examinador recomendó que se determinara que el señor Cruz Guzmán no había incurrido en violación al Art. 4.2 (s), 3 LPRA sec. 1857a, según le fuera imputado en la querella, pero que sí se le encontrara incurso en violación al inciso (c) del referido artículo. Además, recomendó que se le impusiera la multa administrativa que se considerase adecuada de conformidad con el Art 5.7 de la Ley Núm. 1-2012, 3 LPRA sec. 1858f.

El 30 de noviembre de 2023, la OEG notificó a las partes su *Resolución*[7]. En síntesis, adoptó en su totalidad el informe emitido por el Oficial Examinador e impuso al señor Cruz Guzmán una multa de $3,000.00 por la violación al inciso (g) del Art. 4.2 de la Ley Núm. 12-2012, 3 LPRA sec. 1857a. Por otro lado, archivó la imputación relacionada al inciso (s) del precitado Art. 4.2.

Inconforme con la determinación de la agencia, el 2 de enero de 2024, compareció el recurrente y formuló los siguientes señalamientos de error:

Erró la OEG, al adjudicar sumariamente la querella sin conceder vista en su fondo al querellado, transfiriéndole el peso de la prueba en la etapa antes de la vista contrario a lo determinado por el Tribunal Supremo en OEG vs. Martinez Giraud, supra.

Erró la OEG al concluir sumariamente que el querellado incurrió en violación al Aartículo 4.2(G) de la Ley de Ética Gubernamental sin que exista prueba clara, robusta y

---

[7] *Véase*, apéndice del recurso, a las págs. 4-5.

convincente de que se obtuvo un beneficio específico para el querellado o un tercero y basarse en las especulaciones, comentarios y conclusiones de la propia agencia.

(Énfasis omitido).

Por su parte, el 30 de enero de 2024, la agencia recurrida presentó su oposición.

Con el beneficio de la comparecencia de las partes, resolvemos.

II

La *Ley Orgánica de la Oficina de Ética Gubernamental de Puerto Rico*, Ley Núm. 1-2012, según enmendada, 3 LPRA sec. 1854, *et seq.*, es el estatuto rector de la conducta de servidores y exservidores públicos de la Rama Ejecutiva. *Véase*, 3 LPRA sec. 1857. Esta ley aspira a establecer un servicio público íntegro, con valores, que propicien la confianza en sus instituciones y aseguren la transparencia en las funciones oficiales. Tiene como misión, entre otras, educar al servidor público para que, en el desempeño de sus funciones, exhiba los valores de bondad, confiabilidad, justicia, responsabilidad, respeto y civismo que rigen la administración pública. *Véase*, 3 LPRA sec. 1855a. Así, el objetivo principal de esta legislación es renovar y reafirmar la función preventiva y fiscalizadora que realiza la Oficina de Ética Gubernamental[8].

En cuanto a la conducta imputada a la parte aquí recurrente, la Ley Núm. 12-2012 establece en su Art. 4.2(g) que:

.   .   .   .   .   .   .   .   .   .

Un servidor público no puede intervenir, directa o indirectamente, en cualquier asunto en el que él, tenga un conflicto de intereses que resulte en la obtención de un beneficio para él. **Tampoco un servidor público puede intervenir directa o indirectamente, en cualquier asunto en el que un miembro de su unidad familiar, su pariente**, su socio o una persona que comparta su residencia, tenga un conflicto de intereses **que resulte en la obtención de un beneficio para cualquiera de ellos**.

Cuando se trate de una de las relaciones antes mencionadas, que haya terminado durante los dos años anteriores al nombramiento del servidor público, éste no podrá intervenir, directa o indirectamente, en cualquier asunto relacionado con éstos hasta pasados dos (2) años desde su nombramiento.

---

[8] Véase, *Exposición de Motivos* de la Núm. 1-2012.

La prohibición permanece vigente mientras exista un vínculo de beneficio para el servidor público. Una vez termine el vínculo de beneficio, el servidor público no puede intervenir, directa o indirectamente, en el referido asunto hasta pasados dos (2) años.

.   .   .   .   .   .   .   .   .   .

3 LPRA 1857a(g). (Énfasis nuestro).

En lo pertinente a la controversia ante nos, el Art. 7.2 de la Ley Núm. 12-2012, 3 LPRA sec. 1860a, dispone que, luego de que concluido el proceso de investigación sobre algún servidor público de la Rama Ejecutiva, cuando la Oficina de Ética Gubernamental entienda que se ha violado alguna disposición establecida en la Ley o en las normas promulgadas a su amparo, se presentará una querella y llevará a cabo un procedimiento de adjudicación, de conformidad con la Ley Núm. 38-2017, intitulada *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9601, *et seq.* Este estatuto provee para el empleo del mecanismo sumario en su Sección 3.7(b), 3 LPRA 9647(b).

De igual forma, el Art. 6.11 del *Reglamento sobre Asuntos Programáticos de la Oficina de Ética Gubernamental de Puerto Rico*[9] regula el uso de la resolución sumaria en los procedimientos administrativos ante la Oficina de Ética Gubernamental. En lo pertinente, dispone:

> **Cualquier parte podrá solicitar la resolución sumaria de todas o de cualquiera de las controversias a ser ventiladas en una audiencia mediante la presentación de una moción** con no menos de veinte días calendario de antelación a dicha audiencia. La moción establecerá que no existe controversia de hecho esencial que haya que determinar en la audiencia y estará fundada en documentos, sin limitarse a: declaraciones juradas, certificaciones, grabaciones, videos o fotografías.
>
> .   .   .   .   .   .   .   .   .   .

(Énfasis nuestro).

### III

En síntesis, la parte recurrente propone que la OEG erró al utilizar el mecanismo de adjudicación sumaria y, en consecuencia, emitir la *Resolución* mediante la cual le impuso el pago de una multa administrativa. Ello, al encontrarlo incurso de violación al Art. 4.2(g) de la Ley Núm. 12-

---

[9] Reglamento Núm. 8231 de 18 de julio de 2012.

2012, 3 LPRA sec. 1857a(g). Por estar relacionados, discutiremos ambos señalamientos de la parte recurrente en conjunto.

La parte recurrente arguye que la evidencia presentada por la agencia no cumple con el estándar de prueba clara, robusta y convincente necesario para probar que, en este caso, se obtuvo algún beneficio por parte del señor Cruz Guzmán o su pariente. Además, adujo que la OEG no tenía disponible el proceso de adjudicación sumaria para atender esta controversia. Esto, por considerar que dicho proceder resultaba contrario a lo resuelto en el caso de *OEG v. Martinez Giraud*, 210 DPR 79 (2022). En específico, que el caso del título se trataba de un procedimiento cuasicriminal y la petición presentada por la OEG tenía el efecto de transferir la carga de la prueba al señor Cruz Guzmán.

Por su parte, la OEG estableció no solo que el mecanismo sumario estaba disponible al amparo del Art. 7.2 de la Ley Núm. 1-2012, 3 LPRA 1860a, y conforme a la LPAUG y al reglamento aplicable, sino que en el caso de autos la resolución sumaria de la querella no había tenido el efecto de transferir el peso de la prueba a la parte recurrente. Por el contrario, aclaró que la OEG adjuntó a su moción toda la prueba en apoyo a las alegaciones de la querella, por lo que correspondía a la parte recurrente oponerse y controvertir esa prueba.

Según discutimos, el mecanismo de adjudicación sumaria está disponible para atender controversias como la de autos. En cuanto a lo resuelto por el Tribunal Supremo de Puerto Rico en *OEG v. Martínez Graud*, 210 DPR 79 (2022), coincidimos con la postura de la agencia recurrida en cuanto a que esta decisión no prohibió la adjudicación sumaria, ni requirió la celebración de una vista evidenciaria, para dilucidar los casos disciplinarios ante la OEG, sino aclaró que el estándar probatorio era el claro, robusto y convincente.

De otra parte, la evaluación de la prueba presentada nos permite concluir que al emitir tanto el Informe del Oficial Examinador como la

*Resolución* recurrida, la OEG contaba con prueba suficiente para imputar la violación al Art. 4.2(g), 3 LPRA sec. 1857a(g).

Por tanto, evaluada la totalidad de expediente ante nos, concluimos que la OEG sí tenía disponible el mecanismo de adjudicación sumaria. Además, coincidimos con que la *Resolución* emitida por la agencia recurrida fue sustentada por prueba clara, robusta y convincente que obra en el expediente y, contrario a lo planteado por la parte recurrente, no la determinación de la OEG no resulta arbitraria, caprichosa, ilegal o irrazonable.

IV

Por los fundamentos expuestos, **confirmamos** la *Resolución* emitida el 29 de noviembre de 2023, notificada al día siguiente, por la Oficina de Ética Gubernamental.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones